# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
April 2, 2012

Lyle W. Cayce
Clerk

No. 11-40963
Summary Calendar

LETICIA WILSON,

Plaintiff–Appellant

v.

COLLEGE OF THE MAINLAND; LISA TEMPLER, In Her Individual and
Official Capacity; INTERIM PRESIDENT LAWRENCE DURRENCE, Ph.D.,
In His Individual and Official Capacity,

Defendants–Appellees

KENT DOWDY,

Plaintiff–Appellant

v.

COLLEGE OF THE MAINLAND; LISA TEMPLER, In Her Individual and
Official Capacity; LAWRENCE DURRENCE, Ph.D., In His Individual and
Official Capacity,

Defendants–Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC Nos. 3:09-CV-13; 4:09-CV-2452

No. 11-40963

Before REAVLEY, SMITH, and PRADO, Circuit Judges.

PER CURIAM:[*]

Appellants Kent Dowdy and Leticia Wilson appeal the district court's grant of summary judgment to Appellee College of the Mainland. Appellants' central claim is that they were retaliated against for speaking out against the College's allegedly illegal past overpayment of police officers. Because we find that no adverse employment action was taken against the Appellants based on their speech, we AFFIRM the judgment of the district court.

## I. FACTUAL AND PROCEDURAL BACKGROUND

In 2008, Kent Dowdy and Leticia Wilson were both employed by the College of the Mainland ("COM")—Dowdy as a campus police officer and Wilson as a cashier in COM's business office. In July of that year, Dowdy and Wilson participated in a conversation with another campus police officer Sylvia Chapa. The conversation, which was recorded by Chapa, dealt in part with a meeting that took place a few weeks earlier at which it was revealed to COM police officers that they had been receiving overpayment in the form of unauthorized "hazardous duty pay." Much of the conversation, which Dowdy later characterized as "blowing off steam . . . [as to Human Resources'] mishandling a number of issues," concerned, however, with Dowdy's anger towards COM human resources employee Jennifer Johnson. Johnson had previously filed a sexual harassment complaint against Dowdy, which COM determined to be unfounded. Specifically, Dowdy made comments about hiring someone to drive by and point a pistol at Johnson; paying someone to go to Johnson's office and "barf" on her; hiring someone to "pop" Johnson; hiring someone to "follow and run her off the road"; and, putting "some dynamite under her car."

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-40963

Concerned, Chapa informed COM Chief of Police E.W. Carr and COM Vice President Lisa Templer about the conversation and gave them her recording. In response, Carr requested that Dowdy be placed on administrative leave for making threats against Johnson, which COM did the following day (two days after the conversation). As a "precaution," Wilson was also placed on administrative leave for having participated in the conversation where threats were made (and not discouraging them or informing any college official about them). With respect to Dowdy, he met with Carr and Templer about ten days later where he was allowed to review the transcript of the conversation and given two days to respond. Dowdy's response was that his threats were "not serious" but admitted he should not have made them. After investigation, COM deemed Dowdy's conduct "unacceptable" and terminated him. As to Wilson, she met with Templer, was given the transcript of the conversation, and it was decided that because she had made no threats, she could return to work. Months later, after two thousand dollars went missing from a deposit while Wilson was working, COM transferred Wilson to a position in the admissions office, which came with higher pay. Wilson remains employed by COM.

Wilson filed suit in the Southern District of Texas, Houston Division in early 2009 claiming that COM retaliated against her by transferring her from the business office to admissions. In July 2009, Dowdy filed suit in the Southern District of Texas, Galveston Division for his termination from COM, raising First Amendment retaliation as well as substantive and procedural due process claims. The cases were consolidated and proceeded to discovery. After discovery, COM moved for summary judgment in both Wilson's and Dowdy's case. The district court granted summary judgment, and the Appellants timely appealed.[1]

---

[1] Though Dowdy asserted a procedural due process claim below, he fails to press this claim on appeal. Therefore, it is waived. *United States v. Pompa*, 434 F.3d 800, 806 n.4 (5th

3

No. 11-40963

## II.  STANDARD OF REVIEW

We review a district court's grant of summary judgment de novo, applying the same standards as the district court.  *Dediol v. Best Chevrolet, Inc.*, 655 F.3d 435, 439 (5th Cir. 2011).  Summary judgment is appropriate where the movant shows that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law.  *Id.*; Fed. R. Civ. P. 56(a).  In reviewing the record, all facts and inferences are construed in the light most favorable to the non-movant.  *Deidol*, 655 F.3d at 439.  However, "[i]f the record, taken as a whole, could not lead a rational trier of fact to find for the non-moving party, then there is no genuine issue for trial."  *Id.*

## III.  DISCUSSION

### A.     **First Amendment Retaliation** (Dowdy and Wilson)

"[A] plaintiff asserting a First Amendment retaliation claim in employment must show that (1) an adverse employment action was taken, (2) speech involving a matter of public concern was uttered, (3) the employee's interest in speaking outweighs the employer's interest in efficiency, and (4) the protected speech precipitated the adverse employment action."  *McCoy v. City of Shreveport*, 492 F.3d 551, 562 (5th Cir. 2007).  We have alternatively described this fourth requisite showing as demanding that the plaintiff establish that "his protected conduct was a 'substantial factor' or 'motivating factor' in the employer's adverse employment action."  *Charles v. Grief*, 522 F.3d 508, 516 n. 28 (5th Cir. 2008) (citing *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977)).  As to Dowdy's claim, even assuming that he can make the first three showings, the record reveals that it was Dowdy's threats as to Johnson that precipitated his termination, not any speech regarding the unauthorized pay.  Similarly with Wilson, it was not her passing references in

Cir. 2005); Fed. R. App. P. 28(a)(9)(A).

4

the conversation to the hazardous duty pay that precipitated her transfer months alter, but rather the disappearance of the two thousand dollars in deposits during her shift.  Therefore, the district court correctly found that summary judgment was appropriate on the First Amendment retaliation claims.

**B.     Substantive Due Process** (Dowdy)

In addition to First Amendment retaliation, Dowdy argues that his termination violated his right to substantive due process.  "To succeed with a claim based on substantive due process in the public employment context, the plaintiff must show two things: (1) that he had a property interest/right in his employment, and (2) that the public employers termination of that interest was arbitrary or capricious." *Lewis v. Univ. of Tex. Med. Branch at Galveston*, 665 F.3d 625, 630 (5th Cir. 2011) (internal quotation marks omitted).  Much of Dowdy's argument is that the district court incorrectly determined that Dowdy did not have a property interest in his employment.  Even if we assume that Dowdy could establish such a property interest, his claim still fails because he cannot show that COM's termination decision was arbitrary and capricious.  Proving that a termination was arbitrary and capricious is a high bar: "the plaintiff must show that the decision was made without a rational connection between the known facts and the decision or between the found facts and the evidence.  [That is,] . . . that the abuse of power by the state official shocks the conscience." *Id.* at 631 (internal citations and quotation marks omitted).  COM's termination of Dowdy for making threats against a co-worker is not so irrational as to shock the conscience. *Cf. White v. S. Park Indep. Sch. Dist.*, 693 F.2d 1163, 1169 (5th Cir. 1982).  Therefore, we find that the district court correctly granted summary judgment to COM on Dowdy's substantive due process claim.

## IV.  CONCLUSION

For the foregoing reasons, we AFFIRM the district court's grant of summary judgment to COM.